UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| STEAKS TO GO, INC., et al., | ] | |
| Plaintiffs, | ] | |
| vs. | ] | |
| STEAK-OUT FRANCHISING, INC., | ] | CV 96-N-1818-NE |
| Defendant/Third-Party Plaintiff, | ] | |
| vs. | ] | |
| STEAKS TO GO, INC., et al., | ] | |
| Third-Party Defendants. | ] | |
| | | |
| ALKAY, INC., et al., | ] | |
| Plaintiffs, | ] | |
| vs. | ] | CV 96-N-1819-NE |
| STEAK-OUT FRANCHISING, INC., | ] | |
| Defendant/Third-Party Plaintiff, | ] | |
| vs. | ] | |
| ALKAY, INC., et al., | ] | |
| Third-Party Defendants. | ] | |

FILED 98 NOV 23 PH 2:15 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED NOV 23 1998

### Memorandum Opinion

The court has for consideration the Report and Recommendation of Magistrate Judge Putnam, entered October 14, 1998, and the Objections thereto of Defendant Steak-

133

Out Franchising, Inc., filed October 21, 1998. The court has reviewed Judge Putnam's excellent opinion, along with the voluminous submissions filed by the parties both before and after that opinion was entered, and has learned more about bankruptcy procedure than it ever wanted to know. After a thorough examination of the issues and due consideration, the court concludes that Judge Putnam's recommendations should be followed. The court will, however, elaborate slightly on Judge Putnam's analysis, and implement a few minor modifications.

In the court's view, three key factors govern the proper disposition of the pending motions. First, as Judge Putnam and now Judge Smith[1] have already concluded, all of the claims in these cases are tied closely enough to the pending bankruptcies of Steaks to Go, Inc. ("Steaks to Go") and Alkay, Inc. ("Alkay") that they qualify at a minimum for non-core bankruptcy jurisdiction under the "related to" provision of 28 U.S.C. § 1334(b). The court will not repeat Judge Putnam's analysis of this question, but simply adopts it as applicable to both of the cases at bar. Second, bankruptcy proceedings ought to be in the hands of bankruptcy judges, as this court's General Order of Reference mandates. Reference should be made even if a proceeding is non-core and final adjudication will be required in the district court, because when a debtor is involved in even the simplest state common law action a multitude of questions inevitably arise about the impact of the bankruptcy laws on the case. These questions must all be dealt with on the way to final adjudication, and the bankruptcy judges bring to the case an expertise in handling these questions which no

---

[1] *See Steak-Out Franchising, Inc. v. Hirons,* CV 98-S-1994-NE (N.D. Ala.) (Order entered Nov. 10, 1998).

2

other court can match. This is particularly true where complex issues of bankruptcy law and procedure are implicated. Third and finally, the court notes that just such intricate bankruptcy questions have already been presented in this case, as the numerous briefs surrounding these very motions will attest, and there is no reason to believe that these questions will not continue to arise. Therefore these cases should properly be handled, at least in the first instance, by a bankruptcy judge.

The question then becomes, which bankruptcy judge? For the time being, the court agrees with Judge Putnam that the best destination for the Alkay case, CV 98-N-1819-NE, is the bankruptcy court for this district. If the case ultimately belongs in Tennessee, this district's bankruptcy court is a proper conduit for transfer there. *See In re National Developers, Inc.*, 803 F.2d 616 (11th Cir. 1986). More importantly, the court feels that the question of transfer under 28 U.S.C. § 1412 can be addressed far more effectively by a bankruptcy judge than by this court. Aside from the practical questions briefed by the parties already, the fate of plaintiffs' motion to transfer hinges on the interplay between § 1412 and the franchise agreement's forum selection clause. That issue appears to be an undecided one in the Eleventh Circuit, and has not been fully briefed at this point.

More importantly, the proper resolution of the question likely depends at bottom on the interlinkage between the issues which must be handled by the bankruptcy court and those which could be heard elsewhere. The distinction between core and non-core proceedings, the application of that distinction to the claims in this case, and the practical relationship between those claims and the ones posed already in the bankruptcy action all may be important in this assessment. *See, e.g., In re Diaz Contracting, Inc.*, 817 F.2d 1047

3

(3d Cir. 1987); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir. 1983); *In re N. Parent, Inc.*, 221 B.R. 609 (Bankr. D. Mass. 1998); *In re Florida Precast Concrete, Inc.*, 139 B.R. 37 (Bankr. M.D. Fla. 1992). These are questions which a bankruptcy judge is likely to have far more experience with, and insight into, than this court. Thus the court believes that a bankruptcy judge should make the initial, if not the final, assessment of these questions.[2]

The Alkay case will be referred to the United States Bankruptcy Court for the Northern District of Alabama, per Judge Putnam's recommendations. All pending substantive motions[3] will be transferred along with the case, to allow the bankruptcy court to act on them as it deems fit.

As for the Steaks to Go case, CV 98-N-1818-NE, its destiny seems to be out of this court's hands. As Judge Putnam noted, this case has already been technically removed to the United State Bankruptcy Court for the Eastern District of Missouri. That court should have jurisdiction over the action, at least in broad sense, because as noted above the claims in this action are related to a Title 11 case ongoing in that court. *See* 28 U.S.C. § 157; 28 U.S.C. § 1334(b). Admittedly, however, the plaintiffs made some procedural missteps on their way to invoking the Missouri court's jurisdiction. Plaintiff's removal did not comply with the procedural requirements of the removal statute, 28 U.S.C. § 1452. Thus

---

[2] The question of whether the bankruptcy court can issue a final order to transfer under 28 U.S.C. § 157 is also a question best left to that court.

[3] Motions related to this court's procedural rulings will be acted upon essentially in the manner recommended by Judge Putnam.

4

the fate of the case depends on the way these procedural defects are characterized and treated.

There is apparently a split of authority on just this question. If this court were faced with such a flawed removal, it would have to consider the defect jurisdictional and unwaivable, see *In re National Developers, Inc.*, 803 F.2d 616 (11th Cir. 1986), and would have no option to remand. However, other courts would treat this problem as a waivable procedural error. It appears that under such an interpretation the defendants, who failed to file a timely motion to remand with the Missouri bankruptcy court, would have waived their objections to the removal. If so, the case is the Missouri court's to handle.

Defendants claim that, because this court would consider the removal a nullity if it received a case in this way, it should simply ignore the same flawed removal when it purports to take a case away. It just does not work this way. This court must respect the decisions and prerogatives of other federal courts, including their rights to assess their own jurisdiction. The court will not engage in a tug of war by proceeding with a case which the Missouri bankruptcy court may consider properly in its hands. As Judge Putnam has already pointed out, no case transfer system could work if courts were permitted to fight over jurisdictional standards in this way. One court must always bow to another. In the removal context, the court from which the action was removed must simply await a remand decision by its counterpart at the other end of the line, even if jurisdiction clearly is not proper. *See* 28 U.S.C. § 1446. There is no reason to treat bankruptcy removals any differently.

Nor do any of the authorities cited by the defendants suggest a different approach. The cases defendants cite do conclude that a removal like that undertaken here is improper, but the decisions were all issued by the court to which the case was removed. This is the court which *should* be making the decision, as Judge Putnam concluded. The defendants have cited no case in which the court in which the action originally lay presumed to determine the removing court's jurisdiction for it.

The Eleventh Circuit certainly suggested no such approach in *In re National Developers*. Tellingly, in fact, the Eleventh Circuit's conclusion in that case was that the removal was improper and that *the case should be remanded*. Such an order of remand implicitly assumes that the court had, at least temporarily, control over the case in the first place. That court did have such control - - in fact it had actual jurisdiction over the case at least for the purpose of determining its own jurisdiction. So too does the Missouri bankruptcy court, and the parties must simply await that court's decision to keep or remand the case.

However, for the same reasons outlined below in assessing the Alkay case, the court concludes that these actions should properly rest, at least for now, in the hands of a bankruptcy judge. The court sees nothing improper in referring the case to the bankruptcy court now, even though the court technically has no jurisdiction at this point. After all, the bankruptcy court is but another unit of this court, and the transfer is in large part an administrative one. The docketing and other management of the action can be shifted over to the bankruptcy unit now, so that the bankruptcy court is ready to handle the case if and

6

when it is returned to this district's hands. Therefore this action will also be referred to the United States Bankruptcy Court for the Northern District of Alabama.

The court is loathe to actually terminate the pending substantive motions in this case, because it presumes that they will become important again if and when the Missouri court returns jurisdiction to this district. Therefore the action, and all pending substantive motions,[4] will simply be held in abeyance until such time as this court again has jurisdiction. At that point, the bankruptcy court may act on the motions, transfer the case, or take such other action as it deems proper.

An appropriate order will be entered in conformance with this memorandum of opinion.

Done, this 23rd of November, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[4] *See supra* note 3.